IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PHILLIP MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-1117-T |
| ) | |
| CORNELL COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach on May 22, 2007 [Doc. 66]. The Court must make a de novo determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In the Report, Judge Bacharach finds certain claims brought by Plaintiff under 42 U.S.C. § 1983 regarding prison conditions are unexhausted and some allegations fail to state a valid claim; he thus recommends a dismissal of these claims. Judge Bacharach finds no valid basis, however, to dismiss Plaintiff's retaliation claim and thus recommends denial of this aspect of Defendants' dismissal motion. Judge Bacharach also finds other claims should not be summarily dismissed. Judge Bacharach recommends, if his suggested decision is adopted, that the Court order a new referral for further proceedings on the remaining claims.

Within the time period for objections, Plaintiff acting *pro se* has filed a "Motion to Adopate [sic] Report and Recommendation" [Doc. 67]. Although difficult to decipher, the Court understands

this filing to state Plaintiff's agreement with Judge Bacharach's findings. Thus Plaintiff has waived further review of the issues addressed in the Report.

Defendants have timely objected to the Report. They challenge Judge Bacharach's suggested rulings regarding the five claims that would proceed under the recommended decision. Upon consideration of the issues raised, the Court concurs in Judge Bacharach's conclusions.

As to the retaliation claim, Defendants criticize Judge Bacharach for addressing only whether Plaintiff could establish a due process violation. Defendants contend Judge Bacharach should have found Plaintiff's complaint to be deficient because the factual allegations to support his retaliation claim are conclusory. *See* Defs.' Objection [Doc. 68] at 3. Defendants also contend they are entitled to summary judgment on this claim because (a) Plaintiff has not offered any evidence of retaliatory motive in response to their showing the misconduct reports were justified and (b) they have shown Plaintiff suffered no injury. *See* Defs.' Objection [Doc. 68] at 3-4.

The Court has carefully considered these arguments and, in so doing, has reviewed Defendants' dispositive motion and supporting brief. Defendants neither sought dismissal of Plaintiff's retaliation claim for the reason now asserted nor sought summary judgment for lack of proof of a retaliatory motive or an injury. The Court declines to consider new arguments raised for the first time in objection to Judge Bacharach's Report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Defendants previously argued in support of their motion: "Plaintiff cannot prove he was subjected to an atypical and significant hardship that would implicate a liberty interest, and . . . the misconduct convictions were overturned." *See* Defs.' Mot. Dism./Mot. Summ.J. [Doc. 41] at 8. The latter point was presented as a "liberty interest" argument: "The expungement of the misconducts and restoration of earned credits confirms the duration of [Plaintiff's] sentence has not been affected

by the Defendants' actions." *See* Defs.' Mot. Dism./Mot. Summ.J. [Doc. 41] at 9. Judge Bacharach properly rejects this argument as irrelevant to Plaintiff's retaliation claim. Further, if facts regarding the eventual dismissal of the misconduct charges are viewed as an argument that Plaintiff lacked an injury rather than a liberty interest, this argument is unavailing. A loss of earned credits was not the only punishment Plaintiff received when he was initially convicted of the charges. In any event, Defendants' current arguments cannot form the basis of a summary judgment ruling. Because Defendants did not make these arguments in support of their motion, Plaintiff received no notice of them and no opportunity to respond.

Defendants also object to Judge Bacharach's conclusion that Plaintiff states a conspiracy-to-retaliate claim. Defendants argue Plaintiff's factual allegations are conclusory and fail to provide specific facts to show the existence of a conspiracy. A review of the record reveals this argument is raised for the first time in Defendants' objection; their dispositive motion is silent concerning Plaintiff's conspiracy claim. Defendants similarly present new arguments in opposition to Judge Bacharach's finding that Plaintiff states a claim for denial of access to medical records and Judge Bacharach's recommendation that the Court exercise supplemental jurisdiction over state-law claims. These contentions, like Defendants' other newly asserted arguments, will not be considered by the Court in reviewing the Report. Defendants should address their arguments to Judge Bacharach in the first instance when this matter is recommitted to him for further proceedings.

For these reasons, the Court adopts the Report and Recommendation [Doc. 66] and, in effect, grants Plaintiff's motion that it be adopted [Doc. 67]. Therefore, Defendant's motion to dismiss [Doc. 41] is granted as to the defense of administrative exhaustion but denied with respect to Plaintiff's § 1983 claim of retaliation. The Court dismisses without prejudice Plaintiff's claims of unlawful seizure and destruction of property, inadequate medical care, wrongful job termination,

arbitrary classification, deprivation of due process through a conspiracy to delay a sentence reduction, and failure to respond to a grievance. The Court dismisses with prejudice Plaintiff's claims regarding entry of perjured information into a state court record and issuance of a false rule infraction. The following claims, in addition to the retaliation claim, remain pending: conspiracy to retaliate, denial of access to medical records, defamation, and violation of the Oklahoma Constitution.

The matter is re-referred to Judge Bacharach under 28 U.S.C. § 636(b)(1) for further proceedings.

IT IS SO ORDERED this 19th day of July, 2007.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE